This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

**v.**                                                    **No. A-1-CA-35087**

**PEDRO MORALES,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

León Felipe Encinias
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1} Defendant Pedro Morales[1] appeals the district court's denial of his motion to vacate a plea reached pursuant to a March 2, 2005, plea agreement. Defendant argues that he was denied effective assistance of counsel when his defense counsel failed to advise him of the specific immigration consequences of pleading guilty to two counts of battery against a household member. Unpersuaded, we affirm the district court.

{2} For the factual background in this case, we rely primarily on the district court's undisputed findings of fact in the order denying Defendant's motion to vacate his plea agreement. A specific attack shall be made on any finding, otherwise such finding will be deemed conclusive. *See* Rule 12-318(A)(4) NMRA ("A contention that . . . finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]"); *MPC Ltd. v. N.M Taxation & Revenue Dep't*, 2003-NMCA-021, ¶ 11 , 133 N.M. 217, 62 P.3d 308 ("Findings that are not directly attacked are deemed conclusive and are binding on appeal."). Defendant does not make a specific attack as to any of the district court's findings. Instead, Defendant's argument appears to focus on the court's conclusions of law.

**BACKGROUND**

---

[1]Defendant testified that his full name is Pedro Antonio Morales-Garcia.

{3}    Defendant, a citizen of Mexico, came to the United States in August 2000. Since that time, Defendant has lived and worked in Albuquerque, New Mexico or the surrounding area. On July 30, 2002, Defendant was charged with two misdemeanor counts of battery against a household member, as well as several felony counts that included intimidation of a witness, robbery, and false imprisonment.

{4}    On October 9, 2002, Defendant failed to appear for a hearing and the district court issued a bench warrant for his arrest. He was arrested by federal marshals on June 11, 2004. On March 2, 2005, Defendant pled no contest to the two misdemeanor counts of battery against a household member and the remaining charges were dismissed.

{5}    The plea agreement contains a specific provision declaring that: "I have read and I understand this agreement. I understand that being convicted may affect my immigration or naturalization status. I have discussed the case and my constitutional rights with my lawyer." Under this provision is Defendant's signature. The plea agreement also contains a provision that states:

> I have discussed this case with my client in detail and have advised [D]efendant of [D]efendant's constitutional rights and all possible defenses. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I agree with the plea outlined in this agreement and its terms and conditions.

Beneath this specific provision is plea counsel's signature. The Defendant received a suspended sentence and was placed on two years supervised probation. Defendant was discharged from his judgment and sentence on March 7, 2007.

{6}  At some point after Defendant's probation was completed, Defendant was arrested in Phoenix, Arizona, and informed that he was going to be deported. Defendant was served with a notice to appear on August 15, 2013, by immigration officials. He retained an immigration attorney shortly thereafter.

{7}  On November 1, 2013, Defendant, through his current attorney filed a Rule 1-060(B) NMRA motion to vacate the March 2005 plea claiming ineffective assistance of counsel. Following a series of delays, an evidentiary hearing was held on the motion.

{8}  Defendant unsuccessfully attempted to subpoena his plea counsel to appear at the hearing and testify. He had difficulties in finding a current address for her. Plea counsel had been in contact with the State by electronic mail and indicated that she was living in Texas at that time and would be available later that month to testify. Defendant informed the district court that his immigration hearing was set for October 13, 2015. Defendant was reluctant to ask for a continuance because of the unlikelihood the hearing on his motion could be reset prior to the October date. The district court attempted to reset the hearing prior to October 13, 2015, in order to

allow for the testimony of plea counsel, but was unable to do so. Nonetheless, Defendant wanted to proceed with the May 5, 2015, hearing believing the evidence he intended to present would carry the necessary burden to vacate the plea.

{9} The only two witnesses called by Defendant were his immigration attorney, as an expert in immigration matters, and Defendant, testifying on his own behalf. He presented no other evidence.

{10} Defendant testified that the original criminal case was interfering with his work so to avoid getting fired and to get the matter over with expediently, he agreed to accept a plea deal. Defendant also testified that plea counsel never spoke to him about the immigration consequences of the plea agreement or going to trial. He also believed that if he agreed to the plea agreement the matter would be over once his probation was completed. He stated that he was not given a copy of the plea agreement before he entered the plea, and that he would never have agreed to enter into the plea if he knew he would be deported. Defendant's immigration attorney testified that Defendant was likely to be sent to Mexico as a result of the pending immigration proceedings, and that the no contest plea to the two misdemeanor charges would prevent Defendant from seeking potential relief from deportation.

{11} The district court judge entered an order denying Defendant's motion to vacate the plea. The district court concluded that Defendant did not satisfy his burden of

establishing a claim for ineffective assistance of counsel. Defendant filed a motion to reconsider the denial of the motion to vacate the plea, and it was denied.

**DISCUSSION**

{12}     Defendant argues that the district court erred by denying Defendant's motion to vacate the plea based on a claim of ineffective assistance of counsel. Defendant argues that plea counsel did not advise him of the specific immigration consequences of the plea and therefore the Defendant did not knowingly and voluntarily enter the plea.

{13}     We review a motion to vacate a plea based on a claim of ineffective assistance of counsel under a mixed standard of review. *See State v. Gutierrez*, 2016-NMCA-077, ¶ 33, 380 P.3d 872. The factual record is viewed in a light most favorable to the district court's ruling, but we will decide de novo a legal issue of whether counsel was ineffective as a matter of law. *Id.* We will defer to the district court's findings of fact if they are supported by substantial evidence in the record. *See State v. Barrera*, 2001-NMSC-014, ¶ 12, 130 N.M. 227, 22 P.3d 1177 (noting that the appellate court "resolves all disputed facts and draws all reasonable inferences in favor of the [prevailing] party and disregards all evidence and inferences to the contrary, viewing the evidence in the light most favorable to the [district] court's decision"). It is Defendant's burden to provide sufficient evidence to demonstrate that his plea should

6

be withdrawn. *See State v. Clark*, 1989-NMSC-010, ¶ 9, 108 N.M. 288, 772 P.2d 322 (holding that the defendant must show that the district court abused its discretion by denying withdrawal of the plea).

{14} The denial of a Rule 1-060(B) NMRA motion is reviewed under an abuse of discretion standard. *See Gutierrez*, 2016-NMCA-077, ¶¶ 20, 32 (holding that a motion filed under Rule 1-060(B)(4) is appropriate when seeking to set aside a conviction based on ineffective assistance of counsel). If the inquiry is fact-based, we will "look at the facts relied on by the [district] court [in] the exercise of its discretion, to determine if [the] facts are supported by substantial evidence." *Gutierrez*, 2016-NMCA-077, ¶ 32 (internal quotation marks and citation omitted). We therefore "defer to the district court's findings of fact when they are supported by the record." *Id.* ¶ 33.

{15} Under the Sixth Amendment of the United States Constitution, a defendant in a criminal case has the right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 16, 130 N.M. 179, 21 P.3d 1032. "This right extends to plea negotiations." *State v. Gallegos-Delgado*, 2017-NMCA-031, ¶ 11, 392 P.3d 200; *see Patterson*, 2001-NMSC-013, ¶ 16 ("Effective assistance of counsel is necessary during plea negotiations because the most important decision for a defendant in a criminal case is generally whether to contest a charge or enter into a plea agreement."). A "district

court abuses its discretion . . . when the undisputed facts establish that the plea was not knowingly and voluntarily given." *State v. Paredez*, 2004-NMSC-036, ¶ 5, 136 N.M. 533, 101 P.3d 799 (internal quotation marks and citation omitted). Whether the plea was not made knowingly and voluntarily will depend on whether the criminal defendant's attorney was ineffective in counseling the plea. *See Gallegos-Delgado*, 2017-NMCA-031, ¶ 11.

**{16}** We will evaluate a claim of ineffective assistance of counsel using the two-prong test from the United States Supreme Court's decision in *Strickland*. *See State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. "That test places the burden on the defendant to show that his [or her] counsel's performance was deficient and that the deficient performance prejudiced his [or her] defense." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M. 719, 204 P.3d 44; *see Paredez*, 2004-NMSC-036, ¶ 13. Defendant must satisfy both of these requirements to prove his plea was not knowingly and voluntarily given. *See State v. Tejeiro*, 2015-NMCA-029, ¶ 6, 345 P.3d 1074. If the defendant makes this showing, the attorney's representation was ineffective, and the defendant may withdraw the guilty plea. *See Paredez*, 2004-NMSC-036, ¶ 24. However, we generally presume that the trial counsel provided adequate assistance. *See Bernal*, 2006-NMSC-050, ¶ 32.

{17}     Since *Paredez*, our case law has been clear as to a defense attorney's role in advising a client if he or she chooses to enter a plea. In order to render effective counsel, a defense attorney must inform his or her client of the "specific immigration consequences that would follow as a result of [a client's] guilty plea." *Gallegos-Delgado*, 2017-NMCA-031, ¶ 1. An attorney's failure to provide this information satisfies the first prong, deficient performance. *See Tejeiro*, 2015-NMCA-029, ¶ 7; *see also State v. Trammell*, 2016-NMSC-030, ¶ 18, ___ P.3d ___ (holding that a failure to ascertain a client's immigration status and advise a client of the collateral immigration consequences of entering a guilty plea is a per se deficient performance).

{18}     Defendant argues that his testimony at the evidentiary hearing established that Defendant was not informed of the specific immigration consequences of his plea. Specifically, that the proposed plea agreement was not given to him prior to the date it was entered, that he was unaware that he could be deported for the plea, and that he would have never taken the plea had he known he could be deported. Defendant's argument rests exclusively on his own testimony.

{19}     The district court found that Defendant's testimony was not credible and that Defendant's assertion that plea counsel did not advise him of any collateral immigration consequences of the plea agreement was not supported by any other evidence. This Court is not in a position to second guess the district court's credibility

9

determination. Appellate courts "recogniz[e] that the district court has the best vantage from which to . . . evaluate witness credibility." *State v. Neal*, 2007-NMSC-043, ¶ 15, 142 N.M. 176, 164 P.3d 57. It is not the role of this Court to "judge the credibility of witnesses, reweigh the evidence, or make its own findings of fact." *Gallegos v. City of Albuquerque*, 1993-NMCA-050, ¶ 11, 115 N.M. 461, 853 P.2d 163.

{20}     Additionally, Defendant did not attack the district court's credibility finding. "Findings that are not directly attacked are deemed conclusive and are binding on appeal." *MPC Ltd.*, 2003-NMCA-021, ¶ 11; *see* Rule 12-318(A)(4) ("A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]"). Defendant simply points to the fact that the testimony deemed not credible by the district court meets the burden under *Paredez.*

{21}     Defendant also argues that the district court erred because he was not required to have attachments, affidavits, transcripts, or other supporting documents in addition to his testimony. Defendant seems to focus his argument on the district court's reference to *State v. Tran*, 2009-NMCA-010, ¶ 21, 145 N.M. 487, 200 P.3d 537. We understand Defendant's argument to presume that such materials are not required to

meet Defendant's burden of proof in this circumstance. Defendant has misconstrued the district court's reliance on *Tran.*

{22}    In *Tran*, the defendant relied exclusively on conclusory assertions in a supplemental brief as the evidentiary basis to establish a claim for ineffective assistance of counsel. *See id.* This Court noted that the defendant failed to set forth any evidence, including but not limited to his "moving papers, by affidavit, transcripts, or otherwise" to support his claim of ineffective assistance of counsel. *Id.* ¶ 21. In *Tran*, we simply held that more evidence was required in order to make a prima facie showing of ineffective assistance of counsel. *See id.* ¶ 22.

{23}    Here, the district court's decision merely pointed out that Defendant's testimony in this circumstance was insufficient to establish a claim for ineffective assistance of counsel and that more was needed such as attachments, affidavits, transcripts, or other supporting documents. This is consistent with *Tran.* Technically, Defendant is correct that generally attachments, affidavits, transcripts, or other supporting documents are not a requirement. However, Defendant's testimony—found not to be credible by the district court—was not enough to meet his burden of proof under *Paredez.*

{24}    Since *Paredez,* our courts are hesitant "to rely solely on the self-serving statements of [a] defendants." *Patterson*, 2001-NMSC-013, ¶ 29 (noting that self-

11

serving testimony is usually made after a defendant has been convicted and sentenced, therefore a defendant should set forth additional evidence to show there was a reasonable probability that the defendant would have gone to trial). Defendant needed to present additional evidence so that the district court could more objectively assess his truthfulness in stating that he would have taken his chances at trial if he knew entering into a plea would result in deportation. *See id.* ¶ 31 (stating that courts must assess the strength of the evidence against a defendant to more objectively determine whether the defendant would have taken his chances at trial). Defendant's testimony was given with the looming possibility of deportation, five months later. There was no other evidence presented that would have allowed the district court to more objectively assess the veracity of Defendant's testimony.

{25}     Defendant has failed to make a prima facie showing that plea counsel was ineffective. We therefore hold that the district court did not abuse its discretion in denying Defendant's motion to vacate the plea agreement and the district court's factual determinations are supported by the record.

{26}     Because Defendant has failed to prove that his plea counsel's performance was deficient under the first prong of *Paradez*, we need not address the second prong of prejudice. *See Tejeiro*, 2015-NMCA-029, ¶ 6 (stating that both prongs must be satisfied for a defendant "to prove that his plea was not knowing and voluntary and

should therefore be set aside"); *cf. Trammell*, 2016-NMSC-030, ¶ 27 (holding that the defendant satisfied his burden that counsel was deficient, but his claim for ineffective assistance of counsel failed when he could not establish that he was prejudiced by the deficient counsel).

**CONCLUSION**

{27} We conclude that the district court did not abuse its discretion in denying Defendant's motion to vacate his plea and that the district court's factual determinations were supported by the record. We therefore affirm the district court's order denying Defendant's motion to vacate his plea.

{28} **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**JULIE J. VARGAS, Judge**